UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIM. NO. 04-30046-MAP |
| | ) |
| vs. | ) |
| | ) |
| ALBERT INNARELLI, ET AL., | ) |
| | ) |
| Defendants. | ) |

**PARTIES' JOINT MEMORANDUM PURSUANT TO LOCAL RULE 116.5(A)**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this joint memorandum pursuant to Local Rule 116.5(A) and the Magistrate Judge's Scheduling Order.

1. The parties agree that relief should be granted from the otherwise applicable timing requirements imposed by Local Rule 116.3. This case has been designated a complex case. In addition, the Government and defense counsel have been working out logistics regarding discovery.

2. The Government has received requests for copies of recorded conversations on various tapes and/or CDs from the following defendants: Changasie, Innarelli, Jarrett, Bergdoll, Romeo, Matos, McCarthy, Smith, and Sullivan. A complete set has been produced to defendant Changasie. The Government is currently putting together sets for defendants Innarelli,

1

Jarrett, Bergdoll, Romeo, Matos, McCarthy, Smith and Sullivan. The Government assumes that the remaining defendant does not want copies of the recorded conversations.

    3. At this time, the defendants have not completed their review of all of the automatic discovery. Several defense counsel have viewed the discovery and designated what documents that they want copied. Several defense counsel have viewed the discovery, but have not designated what documents they want copied. Finally, several defense counsel have not viewed the discovery. The Government had hoped that it would receive requests from all of the defense counsel so that the requested discovery could be brought to one mutually agreed upon copy center and copied all at once. Otherwise, the discovery will have to be brought to various copy centers at various times, and this will prolong the discovery process.

    4. The parties agree that a motion date should not be set under FRCP 12(c) at this time. Until discovery has been copied and reviewed, the parties are not in a position to set any motion dates. The parties anticipate filing motions.

    5. Excludable delay should be ordered under 18 U.S.C. § 3161(h)(8)(A) and Local Rule 112.2(A)(1), (2), and (3) from the date of the last status conference, which occurred on November 15, 2004, to the present. As of November 15, 2004, no time had run on the Speedy Trial Clock.

As previously indicated, this case has been designated a complex case. All parties have been attempting to complete the discovery process. Therefore, the court should order that no time has run on the Speedy Trial Clock from the date of the last status conference through February 15, 2005.

6. The parties believe at this point that a trial should be anticipated. At this time, the Government would estimate a trial of two months.

7. A third Interim Status Conference should be set for mid-April, 2005.

Filed this 14th day of February, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

_____
WILLIAM M. WELCH II
Assistant United States Attorney

For defendant Albert Innarelli

_____
MOIRA L. BUCKLEY, ESQ.
Counsel for defendant Innarelli

For defendant Michael Bergdoll

_____
STEVEN LEARY, ESQ.
Counsel for defendant Bergdoll

For defendant Anthony Matos:

VINCENT BONGIORNI, ESQ.
Counsel for defendant Matos

For defendant Pasquale Romeo

MICHAEL JENNINGS, ESQ.
Counsel for defendant Romeo

For defendant Wilfred Changasie

TERRY NAGEL, ESQ.
Counsel for defendant Changasie

For defendant Theodore Jarrett

MARIA DURANT, ESQ.
Counsel for defendant Jarrett

For defendant Mark McCarthy

ROBERT SANTANIELLO, ESQ.
Counsel for defendant McCarthy

For defendant James Smith

JACK ST. CLAIR, ESQ.
Counsel for defendant Smith

For defendant Jonathan Frederick

_____

MARK ALBANO, ESQ.
Counsel for defendant Frederick

For defendant Joseph Sullivan

_____

DANIEL KELLY, ESQ.
Counsel for defendant Sullivan

CERTIFICATE OF SERVICE

Hampden, ss.                               Springfield, Massachusetts
                                           February 14, 2005

    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by faxing said motion to:

Moira L. Buckley, Esq.  
Shipman & Goodwin  
One Constitutional Plaza  
Hartford, CT 06103-1919

Steven W. Leary, Esq.  
95 State Street  
Springfield, MA 01103

Vincent A. Bongiorni, Esq.  
95 State Street  
Springfield, MA 01103

Michael O. Jennings, Esq.  
73 Chestnut Street  
Springfield, MA 01105

Terry S. Nagel, Esq.  
95 State Street  
Springfield, MA 01103

Maria Durant, Esq.  
Dwyer & Collora  
600 Atlantic Avenue  
Boston, MA 02210

Robert Santaniello, Jr., Esq.  
Santaniello, Posnik & Basile  
83 State Street  
Springfield, MA 01103

Jack St. Clair, Esq.  
73 Chestnut Street  
Springfield, MA 01103

Mark J. Albano, Esq.  
Dalsey, Ferrara & Albano  
73 State Street  
Springfield, MA 01103

Daniel D. Kelly, Esq.  
Robinson, Donovan, Madden & Barry  
1500 Main Street  
P.O. Box 15609  
Springfield, MA 01103

For defendant Anthony Matos:

_____
VINCENT BONGIORNI, ESQ.
Counsel for defendant Matos

For defendant Pasquale Romeo

_____
MICHAEL JENNINGS, ESQ.
Counsel for defendant Romeo

For defendant Wilfred Changasie

_____
TERRY NAGEL, ESQ.
Counsel for defendant Changasie

For defendant Theodore Jarrett

_____
MARIA DURANT, ESQ.
Counsel for defendant Jarrett

For defendant Mark McCarthy

_____
ROBERT SANTANIELLO, ESQ.
Counsel for defendant McCarthy

For defendant James Smith

_____
JACK ST. CLAIR, ESQ.
Counsel for defendant Smith

4

For defendant Jonathan Frederick

_____
MARK ALBANO, ESQ.
Counsel for defendant Frederick

For defendant Joseph Sullivan

_____
DANIEL KELLY, ESQ.
Counsel for defendant Sullivan

5